# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 6, 2009

## KEITH DOTSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-07367     Paula Skahan, Judge**

_____

**No. W2008-01666-CCA-R3-PC  - Filed March 31, 2010**

_____

The Petitioner, Keith Dotson, filed a petition for post-conviction relief attacking his conviction of aggravated burglary on the basis of ineffective assistance of trial counsel. Following an evidentiary hearing, the post-conviction court denied relief based upon its finding that the Petitioner had failed to prove his allegations by clear and convincing evidence. In this appeal as of right, the Petitioner contends that trial counsel was ineffective in failing to investigate and prepare adequately for the fingerprint evidence presented at trial. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Walter L. Evans, II, Memphis, Tennessee, attorney for appellant, Keith Dotson.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William L. Gibbons, District Attorney General; and Steve Jones, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

A Shelby County jury convicted the Petitioner of aggravated burglary and the trial court imposed a sentence of fifteen years. On direct appeal, the Petitioner challenged the sufficiency of the evidence and sentencing; this court affirmed the Petitioner's conviction and sentence. State v. Keith Dotson, No. W2004-01687-CCA-R3-CD, 2005 WL 1812288 (Tenn.

Crim. App. Aug. 1, 2005), perm. app. denied (Tenn. Dec. 19, 2005). On March 23, 2006, the Petitioner filed a timely petition for post-conviction relief alleging that his conviction was the result of the ineffective assistance of trial and appellate counsel, the State's failure to disclose favorable evidence prior to trial, the unconstitutional racial composition of the grand jury, and various errors committed by the trial court. Following a full evidentiary hearing, the post-conviction court denied relief on May 29, 2007.

No notice of appeal was filed from the denial of post-conviction relief. On June 3, 2008, the Petitioner filed a pro se motion to re-open his post-conviction case or, in the alternative, a motion for a delayed appeal. On July 16, 2008, the post-conviction court denied both requests, noting that neither action was warranted under the circumstances of the case and that this court was the proper court in which to address the timeliness of the notice of appeal. The Petitioner filed a pro se motion to waive the timeliness of the notice of appeal that was granted by this court by written order on August 27, 2008.[1] Post-conviction counsel then filed a notice of appeal with this court on September 2, 2008.

The Petitioner testified at the evidentiary hearing that he "didn't have the right to nothing at [his] trial." Specific to this general complaint was the Petitioner's claim that he was forced to wear jail clothing during the trial and was unable to participate in jury selection. The Petitioner also claimed that his trial attorney presented "no defense" and that he never received discovery concerning fingerprint evidence that was presented against him at trial. He claimed that trial counsel should have obtained a fingerprint expert to refute the State's evidence linking him to the burglary. He also claimed that he was fingerprinted for the first time in front of the jury. The Petitioner complained that he was not tried by a jury of his peers because "[t]he jury was all white." The Petitioner also testified that trial counsel should have called a pawn shop owner as a witness that someone else was involved in the burglary who pawned the victim's television and video recorder. The Petitioner testified that trial counsel told him that "he didn't give a rat ass about [the Petitioner] going to trial."

Bobby Spence of the Shelby County Sheriff's Department testified that all ten of the Petitioner's fingers were printed at the time of his arrest and used for comparison by the latent fingerprint examiner assigned to the case. Trial counsel testified that the Petitioner admitted to fraudulent use of one of the victim's credit cards, which led to his initial arrest. He testified that he received full discovery prior to trial, including the fingerprint evidence of which the Petitioner now complains. Notably, trial counsel recalled that the Petitioner

---

[1] Included in this court's order was the reminder to post-conviction counsel of "his duty of continuing representation of the [Petitioner] on appeal." This court's record further reflects that post-conviction counsel's initial brief was stricken due to non-compliance with Tennessee Rules of Appellate Procedure in that the Statement of Facts portion of the initial brief contained only two sentences with no citation to the record.

acknowledged to him that the Petitioner's fingerprints may be on some compact disc cases because the "junkie" who sold him the credit card also tried to sell him the stolen compact discs. Based upon this statement, trial counsel never sought to refute the accuracy of the fingerprint evidence but instead chose to explain how the Petitioner's fingerprint was found on another stolen item yet maintained his lack of involvement in the burglary. Trial counsel also testified that he had extra clothes and would have provided the Petitioner with street clothes for the trial, although he could not specifically recall whether or not the Petitioner attended trial in jail clothing. Trial counsel also testified that he was sure that the Petitioner was not shackled during the trial as alleged in the petition. He also stated that the Petitioner was present throughout the trial, including jury selection and that "[the petitioner's] memory [was] faulty" regarding the racial composition of the jury. Trial counsel's notes showed that five African Americans were on the jury. Trial counsel stated that the Petitioner's claim that he only received the stolen credit card and touched some compact discs but had not participated in the burglary of the victim's home, as a strategy, was "believable."

Based upon this evidence, the post-conviction court ruled that the Petitioner failed to prove his allegations by clear and convincing evidence and denied post-conviction relief. The post-conviction court found that allegations concerning the failure of the State to provide fingerprint evidence, the racial composition of the jury, and wearing jail clothing during trial were not supported by the proof at the evidentiary hearing in that trial counsel testified directly contrary to the Petitioner's allegations. Furthermore, the post-conviction court found that trial counsel strategically chose to explain, rather than refute, the fingerprint evidence presented at trial and that "the Court should not second-guess [trial counsel's] judgment." On appeal, the Petitioner insists that trial counsel rendered ineffective assistance relative to the fingerprint evidence.

ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove the factual allegation to support his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland

v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).  In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution.  State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

The proof presented at the evidentiary hearing shows that trial counsel made a strategic decision to explain the minimal fingerprint evidence presented at trial based upon the Petitioner's "believable" claim that he had looked at and touched some of the stolen items when they were offered for sale to him.  The post-conviction court apparently credited trial counsel's testimony that the fingerprint evidence was provided in pre-trial discovery and it would have been futile to challenge it.  We agree with the post-conviction court's finding that this was a reasonable strategy and did not amount to any deficient performance.  We further conclude that the record does not preponderate against the post-conviction court's findings.  Accordingly, the judgment of the post-conviction court denying relief is affirmed.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-